IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Samuel Montgomery,** | **Case No. 1:20 cv 841** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Cuyahoga County Jail,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendant.** | |

### Background

*Pro se* plaintiff Samuel Montgomery has filed a prisoner civil rights complaint under 42 U.S.C. § 1983 against the Cuyahoga County Jail. (Doc. No. 1.) He seeks damages for pain and suffering and a broken tooth he sustained after he was served spaghetti in the Jail that had a rock in it. (*Id*. at 5.)

### Standard of Review

Although *pro se* pleadings are construed liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), such principles are not without limits. *See Young Bok Ong v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to "conjure allegations on [their] behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are expressly required, under 28 U.S.C. § 1915A, to review all prisoner complaints seeking redress from a governmental entity, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted,

or seeks monetary relief from a defendant immune from such relief. To survive a dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. §1915A).

## Discussion

Upon review, the Court finds that the plaintiff's complaint must be dismissed.

First, the plaintiff has no plausible claim relief under § 1983 against the Cuyahoga County Jail. Agencies and departments of Cuyahoga County are not *sui juris* and cannot be sued in their own right. *See e.g., Loper v. Cuyahoga County Children and Family Services*, No. 1:18 CV 1598, 2019 WL 1597552, at *2 (N.D. Ohio, April 15, 2019) (citing cases). Further, even when the plaintiff's complaint is construed as against Cuyahoga County itself, it fails to contain allegations sufficient to state a plausible claim. A local government entity may be liable under §1983 only when its own official policy or custom inflicts the injury that forms the basis of the claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The plaintiff's allegations do not plausibly suggest that an unconstitutional policy or custom of Cuyahoga County itself caused the injury he complains of.

Second, the plaintiff's allegations – indicating that he was served food containing a foreign body on one occasion -- are insufficient to rise to the level of a constitutional deprivation for which § 1983 provides a remedy. Courts have consistently held that isolated incidents of foreign bodies surfacing in prison food, as the plaintiff alleges here, do not characterize the kind of extreme deprivation required to make out an Eighth Amendment claim. *See Smith v. Younger*, No. 985482,

1999 WL 623355, at *2 (6th Cir. Aug. 9, 1999); *Price v. Milmar Food Group, LLC*, No. 17013011, 2018 WL 4346688, at *1 (E.D. Mich. July 16, 2018), Rep. and Rec. adopted by, 2018 WL 4333976, at *1 (E.D. Mich, Sept. 11, 2018) (dismissing § 1983 claim in which the plaintiff alleged he bit into a rock or stone that was in his food, resulting in damage to his tooth).

## Conclusion

Accordingly, the plaintiff's federal civil rights complaint is hereby dismissed pursuant to 28 U.S.C. § 1915A.[1] In light of this dismissal, the plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: August 13, 2020

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[1] The dismissal is without prejudice to any state-law tort claim the plaintiff may pursue in state court on the alleged facts, as to which the Court expresses no opinion.